**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL JENKINS, | ) | No. CV 21-7943-VBF (PLA) |
| Petitioner, | ) | **ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |
| v. | ) | |
| ALEX VILLANUEVA, | ) | |
| Respondent. | ) | |

**I**

**BACKGROUND**

Michael Jenkins ("petitioner") initiated this action on October 4, 2021, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition challenges his July 2020 conviction in Los Angeles County Superior Court case number PA09416001 in which petitioner pleaded no contest to willful infliction of corporal injury in violation of California Penal Code § 273.5(f)(1), and received a sentence of five years in state prison.  (ECF No. 1 at 2; see also Los Angeles County Superior Court website at http://www.lacourt.org/criminalcasesummary for case no. PA094160-01).  The Petition sets forth

one ground for relief: petitioner's due rights have been violated because he has not received any credits under Proposition 57. (ECF No. 1 at 6).

## II

## **DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Following this review, the Court issues this Order to Show Cause directed to petitioner because the face of the Petition suggests that petitioner's ground for relief under Proposition 57 is not exhausted in the California Supreme Court. Indeed, it does not appear that petitioner filed either a petition for review from his conviction or a habeas petition in that court.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that a petitioner's contentions be fairly presented to the state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct.

887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court).

Petitioner has the burden of demonstrating that exhaustion was completed. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, there is no indication that petitioner has presented his claim to the California Supreme Court. Accordingly, it appears that dismissal of the Petition for failure to exhaust is appropriate.

### III

### ORDER

In light of the foregoing, petitioner is ordered to show cause why the Petition should not be dismissed for failure to exhaust. **No later than October 29, 2021**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the Petition should not be dismissed. To satisfy the exhaustion requirement, petitioner must submit proof that his ground for relief set forth in the instant Petition, **and the federal basis for his claim**, has previously been presented to the **California Supreme Court**, by providing this Court with a complete copy of either the petition for review or state habeas petition raising the claim to the California Supreme Court, along with a copy of the California Supreme Court's ruling.

Alternatively, if petitioner agrees that the Petition should be dismissed without prejudice as unexhausted, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a

petitioner[1] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not yet appeared in this action.

The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

**Petitioner is advised that if he fails to respond as ordered by October 29, 2021, the Petition will be summarily dismissed for failure to exhaust and/or for failure to prosecute and follow court orders.**

DATED: October 13, 2021

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.